JOSÉ MARTÍNEZ FERNÁNDEZ, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, HUMACAO PART, JOSÉ DÁVILA ORTIZ, JUDGE, Respondent; GERARDO C. BERRÍOS ET AL., Interveners.

No. C-64-25. Decided June 11, 1964.

*Faustino R. Aponte* for petitioner. *Julio C. Rivera* and *Israel Delgado Ramos* for interveners.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM: On January 3, 1938 and in the former District Court of the judicial district of Humacao, José Martínez Fernández filed summary foreclosure proceeding No. 192 against Gerardo C. Berríos and his wife, Ana Borrego, for the collection of a mortgage credit of $3,000 principal, its interest, costs, and attorney's fees, executed by public deed of June 6, 1927, on an urban property situated in the Municipality of Yabucoa.

The proceeding and its continuation having been authorized, it culminated in the adjudication of the mortgaged property to the foreclosing party in a public auction sale held May 6, 1938. Three days later, the corresponding public deed ratifying the judicial sale was executed by the marshal, and it was recorded in the Registry of Property.

The order for the auction sale issued on April 11, 1938 in said summary foreclosure did not provide that it would have all the force and effect of a writ ordering the possession, between the parties interested therein as well as be-

tween them and other claimants, nor did it order the marshal to put the purchaser in the physical possession of the property sold within the term of 30 days from the date of sale.

The marshal, at no time, by authorization of the auction order put the purchaser, José Martínez Fernández, in possession of the property auctioned, nor was the court then requested to issue an order to that effect, nor did the debtors deliver it voluntarily, or in any other way. The latter, notwithstanding said judicial conveyance and its registration, have continued uninterruptedly, and still continue to hold and are in the material possession of the property.

Twenty-five years and nine months after the date of the auction sale, that is, on February 25, 1964, while said situation of facts still existed between the parties, and there being no third persons, the foreclosing party and purchaser at the auction sale, Martínez Fernández, under oath, filed in that summary foreclosure proceeding a "Motion Requesting Possession" in which, after stating that he was the owner of the urban property foreclosed by virtue of the described auction sale, he alleged and prayed:

"2. That the property described was recorded in the Registry of Property, and plaintiff has paid the taxes, but has never taken possession of the property described.

"3. That plaintiff has let the time elapse because of defendant's constant promises that he would pay the amount of the mortgage, because of the friendship they have enjoyed for many years, and the fact that plaintiff is an exceedingly kind person.

"4. That the prevailing circumstances are that defendant Gerardo C. Berríos continues in possession of the property and plaintiff has not been paid the mortgage credit, which gave rise to the foreclosure, nor has he taken possession, and said defendant continues to enjoy the property described.

"Wherefore he prays the court that in view of § 2 of the Law Relating to Judgments and the Enforcement Thereof, to issue an order of possession ordering the Marshal of said Part to proceed to put plaintiff in possession of the property sold."

The next day a copy of said motion was delivered personally to the foreclosed debtor, Gerardo C. Berríos. Some time later, on March 5, 1964, without summons or hearing, the respondent judge deciding said motion, rendered an order which in essence provided:

". . . and in view of the record of the case and in the exercise of its discretion, the motion IS HEREBY DENIED."

Almost the same day that a reasoned motion for reconsideration was filed, he disposed of it with another "IT IS HEREBY DENIED."

Martínez Fernández complained before us of the order of March 5, and requested us, by way of certiorari, to review it. On last April 17 we granted ten days to the respondent judge and to Gerardo C. Berríos and his wife, Ana Borrego, to show cause why the order appealed from should not be set aside.

Berríos and his wife appeared before us and in opposition to the petition for certiorari they stated:

"1. That the Superior Court of Puerto Rico, Humacao Part, Mr. José Dávila Ortiz, Judge, acted correctly and pursuant to the law, in deciding that the motion requesting possession filed by petitioner José Martínez Fernández, plaintiff in Civil Case No. 192 in said Court, does not lie, without granting a hearing, inasmuch as the mortgage foreclosure proceeding at said court was null and void insofar as it claimed interest not agreed or secured by the mortgage and in excess of legal provision.

"2. Since the court considered that petitioner's title is fatally defective, as it clearly appears from the record of the case, there was no reason for granting a hearing.

"3. That the Superior Court of Puerto Rico, Humacao Part, Mr. José Dávila Ortiz, Judge, in the exercise of his sound discretion, and acting justly, acted correctly in denying petitioner's request to put him in possession of the property aforementioned after the lapse of a period of over 25 years, from the time the same was awarded in the auction sale held May 6, 1938.

"4. That petitioner Martínez Fernández was extremely negligent in not requesting to be put in possession within a reasonable time and in so acting he incurred laches."

To this opposition they attached a memorandum of authorities and several photostatic copies of documents related to the summary foreclosure proceeding of 1938.

It is unquestionable that, with the lapse of the last 25 years, the foreclosure proceeding initiated in 1938 by Martínez Fernández lost its summary nature.

■■ Now he claims the delivery of the possession of the property of which he is owner according to the record of the auction sale and the public deed which confirms the judicial sale and according to the corresponding registration in the Registry of Property. On the other hand, the debtors oppose said claim relying on the absolute nullity or non-existence of the summary foreclosure proceeding. In the presence of serious conflicts of interest, of substantial adverse claims, when the intervention of the judicial power is formally invoked in search of the appropriate remedies, the best practice is to give each party the opportunity to present its contention fully, to be heard, to hold the necessary hearings and once all the indispensable elements of judgment are presented, the court will decide what it deems most just. We consider that said parties and any other party which may have an interest to be protected, but affected or which might be affected, over the property involved in this case, may elucidate all their claims within said suit No. 192 without it being necessary to resort to a new plenary suit.

For the reasons stated the writ of certiorari will be issued, the order rendered by the Superior Court of Puerto Rico, Humacao Part, on March 5, 1964 will be set aside, and the case remanded for the final decision on the merits of the questions raised by the parties.